UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRIAN BAKER and SHALLYN
BAKER, as personal representatives
of the Estate of Trevor Baker,

    Plaintiffs,

v.                                                Case No. 8:24-cv-1510-KKM-CPT

LONE STAR WHEEL COMPONENTS,
LLC, et al.,

    Defendants.
_____

## ORDER

Plaintiffs Brian Baker and Shallyn Baker, as personal representatives of the Estate of Trevor Baker, sue Lone Star Wheel Components, LLC; Ace Tire & Axle, Inc.; and Ace Tire & Axle, LLC, for negligence, and sue all defendants, including Champion Home Builders, Inc., for product liability arising out of an incident that resulted in the death of Trevor Baker. Third Am. Compl. (Doc. 52). Defendants Lone Star and Champion move separately to dismiss the third amended complaint. Lone Star Mot. to Dismiss (Doc. 58) (MTD I); Champion Mot. to Dismiss (Doc. 61) (MTD II). I address the motions jointly and grant them.

I.  BACKGROUND

On August 18, 2022, Trevor was driving a semi-truck southbound on I-75. Third Am. Compl. ¶¶ 20, 26. Trevor was transporting one-half of a manufactured home while a semi-truck following him was transporting the other half. *Id.* ¶ 20. Pilot warning cars escorted the trucks. *Id.* ¶ 20.

While driving near the Bruce B. Downs ingress on I-75, Trevor received a radio call from the trailing semi-truck that the axle and wheel on the trailing truck's trailer carrying the other half of the manufactured home was "smoking profusely." *Id.* ¶ 21. Both trucks pulled over "as far right as practicable onto the shoulder" of the ingress so Trevor could examine the problem. *Id.* ¶ 22.

At the same time, non-party Kyle Keenan was driving on I-75 near the ingress where the trucks were stopped. *Id.* ¶ 23. After changing lanes, Keenan "struck" a different semi-truck driven by non-party Juan Carlos Garcia-Perez. *Id.* ¶ 24. Keenan's car then spun away towards the left side of I-75 where it struck an unrelated vehicle. *Id.* Garcia-Perez's semi-truck then moved to the right and rear ended yet another vehicle driven by non-party Joseph Ltief. *Id.* ¶ 25. The "entanglement of vehicles then proceeded to strike and kill" Trevor as he was assessing the mechanical issue. *Id.* ¶ 26.

The Estate sues alleging wrongful death from negligence, defective design and manufacture, and failure to warn. *See id.* ¶¶ 28-154.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss" for failure to state a claim, the plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face when a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint's factual allegations

3

are accepted "as true" and construed "in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

## III. ANALYSIS

To plead negligence, the Estate must allege: (1) a duty recognized by law; (2) breach of the duty; (3) proximate causation; and (4) damages. *Clay Elec. Coop., Inc. v. Johnson*, 873 So. 2d 1182, 1185 (Fla. 2003). "Under Florida law, a strict products liability action based upon design defect requires the plaintiff to prove that (1) a product (2) produced by a manufacturer (3) was defective or created an unreasonably dangerous condition (4) that proximately caused (5) injury." *McCorvey v. Baxter Healthcare Corp.*, 298 F.3d 1253, 1257 (11th Cir. 2002). A failure to warn theory requires that the plaintiff show the failure to warn proximately caused the injury. *See R.J. Reynolds Tobacco Co. v. Nelson*, 353 So. 3d 87, 89-90 (Fla. 1st DCA 2022). As a result, all three claims require the Estate to prove proximate causation.

Florida law applies the same proximate cause standard under a traditional and products liability theory of negligence. *See id.* "Establishing proximate cause requires a factual showing that the dangerous activity foreseeably caused the specific harm suffered by those claiming injury." *Dorsey v. Reider*, 139 So. 3d 860, 864 (Fla. 2014). It "is concerned with whether and to what extent the defendant's conduct foreseeably

4

and substantially caused the specific injury that actually occurred." *McCain v. Fla. Power Corp.*, 593 So. 2d 500, 502 (Fla. 1992). Merely "furnishing the occasion for a person to be injured by the supervening negligence of a third party" will not suffice. *Ruiz v. Tenet Hialeah Healthsystem, Inc.*, 260 So. 3d 977, 982 (Fla. 2018). It follows that an intervening cause—one that is "independent of and not set in motion by the initial wrong," *id.* (quoting *Sardell v. Malanio*, 202 So. 2d 746, 747 (Fla. 1967))—severs potential liability by an alleged tortfeasor. For that to occur, the original negligence and the intervening cause must be unrelated, meaning "the original negligence does not directly contribute to the force or effectiveness of the intervening cause." *St. Fort ex rel. St. Fort v. Post, Buckley, Schuh & Jernigan*, 902 So. 2d 244, 249 (Fla. 4th DCA 2005).

 Lone Star and Champion move to dismiss the third amended complaint for failure to plead proximate cause. Taking the allegations as true, I agree that the Estate fails to allege proximate causation in the light of the intervening cause of the "entanglement of vehicles" that struck and killed Trevor, and which collided wholly

aside from the two semi-trucks hauling the manufactured home that were pulled off of I-75. Third Am. Compl. ¶ 26.[1]

The Estate contends that the mechanical issue of the semi-truck proximately caused Trevor's death because that failure "forced [him] to stop on the side of the interstate," thus "plac[ing] [him] in a vulnerable position on the highway's shoulder." Resp. to MTD I (Doc. 60) at 3. That proximate cause theory fails. Here, as the Estate admits, the car accident that occurred near the shoulder where Trevor was stopped was "unrelated" to the mechanical issue with the semi-truck. *Id.* at 4. And the "entanglement of vehicles," Third Am. Compl. ¶ 26, that directly hit and killed Trevor and was originally caused by the reckless driving of an unrelated party is an intervening cause, meaning "it is independent of and not set in motion by the initial wrong," *Ruiz*, 260 So. 3d at 982 (quoting *Sardell*, 202 So. 2d at 747). Therefore, based on the facts alleged in the third amended complaint, whatever fault in the defendants' products that caused the semi-truck to smoke and Trevor to exit to address it was not the proximate cause of his death.

---

[1] Champion also argues that the Estate failed to join indispensable parties. MTD II at 9–12. Because I dismiss the complaint on other grounds, I do not address that argument.

The Estate protests that "[i]t is entirely foreseeable that a defect causing a vehicle to stop on the side of a busy interstate could lead to further harm, including involvement in secondary accidents." Resp. to MTD I at 3. But is not enough that the mechanical issue "furnish[ed] the occasion for [Baker] to be injured by the supervening negligence of a third party"—it must have "directly contribute[d] to the force or effectiveness of the intervening cause." *Ruiz*, 260 So. 3d at 982; *St. Fort ex rel. St. Fort*, 902 So. 2d at 249.

The Estate relies principally on two cases for support: *Serrano v. Dickinson*, 363 So. 3d 162 (Fla. 4th DCA 2023) and *St. Fort ex rel. St. Fort v. Post, Buckley, Schuh & Jernigan*, 902 So. 2d 244 (Fla. 4th DCA 2005). In both cases, the Florida appellate court reversed summary judgment granted in favor of the defendants on the issue of proximate cause. But these cases are distinguishable. In both, unlike here, the events leading to the injuries were casually related to one another. In *Serrano*, the Court explained that the defendant's "conduct set in motion a chain of events resulting in injury to the plaintiff." 363 So. 3d at 169. The equipment that flew off a truck and landed on the plaintiff's vehicle was a direct result of the truck being rear-ended, which was caused by a stalled vehicle on the highway. *Id.* at 164. Similarly, in *St. Fort*, the negligent construction of an off-ramp caused the plaintiffs to come to a

7

sudden stop, resulting in them being rear-ended. 902 So. 2d at 246. Here, there was no causal relationship between Keenan's reckless driving and the alleged negligence on behalf of the defendants.

The Estate also argues that *Department of Transportation v. Anglin*, 502 So. 2d 896, (Fla. 1987)—the seminal proximate cause case cited by Champion and Lone Star—is distinguishable. It is not. In *Anglin*, a party came to assist the plaintiffs with their stalled vehicle, but failed to break and rammed into the stalled vehicle at a high speed, causing severe injuries to the plaintiffs. *Id.* at 897–98. The Florida Supreme Court held that the actions of that other party were an intervening cause separate from the Department of Transportation's alleged negligence in allowing the pooling of water on the highway that caused the plaintiffs' car engine to stall. *Id.* at 899–900. The Court explained that it was "so far beyond the realm of foreseeability" and "it was not reasonably foreseeable that [the intervenor] would act in such a bizarre and reckless manner." *Id.* So too here. The actions of a third party driving recklessly on I-75, causing a multi-car collision, was not a foreseeable consequence of the alleged negligent mechanical parts manufactured or otherwise handled by the defendants.

IV. CONCLUSION

The third amended complaint does not allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Therefore, the third amended complaint is dismissed against Defendants Champion Home Builders, Inc., and Lone Star Wheel Components, LLC.

Accordingly, the following is **ORDERED**:

1. Champion Home Builders, Inc., and Lone Star Wheel Components, LLCs' Motions to Dismiss (Docs. 58, 61) are **GRANTED.**

2. Counts I–V are **DISMISSED WITH PREJUDICE** against Defendants Champion Home Builders, Inc., and Lone Star Wheel Components, LLC.

3. Defendants Ace Tire & Axle, Inc., and Ace Tire & Axle, LLC, did not join in the motions to dismiss, but instead answered the third amended complaint, denying the allegations of proximate causation. (Doc. 66) at 11–14; (Doc. 67) at 8–10, 13. In the light of this Order's ruling on proximate cause, Defendants Ace Tire & Axle, Inc., and Ace Tire & Axle, LLC, must notify the Court no later than **April 30, 2025**, whether they

9

intend on filing a motion under Rule 12(c) and whether the motion for a case management conference (Doc. 78) is now moot.

**ORDERED** in Tampa, Florida, on April 24, 2025.

Kathryn Kimball Mizelle
United States District Judge