UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRIAN BAKER and SHALLYN
BAKER, as personal representatives
of the Estate of Trevor Baker,

    Plaintiffs,

v.                                                     Case No. 8:24-cv-1510-KKM-CPT

LONE STAR WHEEL COMPONENTS,
LLC, et al.,

    Defendants.
_____

## ORDER

Plaintiffs Brian Baker and Shallyn Baker, as personal representatives of the Estate of Trevor Baker, sue Lone Star Wheel Components, LLC; Ace Tire & Axle, Inc.; and Ace Tire & Axle, LLC, for negligence, and sue all defendants, including Champion Home Builders, Inc., for product liability arising out of an incident that resulted in the death of Trevor Baker. Third Am. Compl. (Doc. 52). Defendants Ace Tire & Axle, Inc., and Ace Tire & Axle, LLC, (collectively Ace Tire), move for judgment on the pleadings, arguing that the Estate fails to allege negligence, Mot. for J. on the Pleadings (Doc. 90) (MJP), and the Estate opposes, Resp. (Doc. 98). For

the reasons I explained in the order granting the motions to dismiss, the third amended complaint does not plausibly allege proximate cause. *See generally* Order Granting Mots. to Dismiss (Doc. 87) (MTD Order). That same analysis controls here.

I. BACKGROUND

On August 18, 2022, Trevor was driving a semi-truck southbound on I-75. Third Am. Compl. ¶¶ 20, 26. Trevor was transporting one-half of a manufactured home while a semi-truck following him was transporting the other half. *Id.* ¶ 20. Pilot warning cars escorted the trucks. *Id.*

While driving near the Bruce B. Downs ingress on I-75, Trevor received a radio call from the trailing semi-truck that the axle and wheel on that truck's trailer was "smoking profusely." *Id.* ¶ 21. Both trucks pulled over "as far right as practicable onto the shoulder" of the ingress so Trevor could examine the problem. *Id.* ¶ 22.

At the same time, non-party Kyle Keenan was driving on I-75 near the ingress where the trucks were stopped. *Id.* ¶ 23. After changing lanes, Keenan "struck" a different semi-truck. *Id.* ¶ 24. Keenan's car then spun away towards the left side of I-75 where it hit an unrelated vehicle. *Id.* The struck truck then moved to the right

2

and rear ended yet another vehicle. *Id.* ¶ 25. The "entanglement of vehicles then proceeded to strike and kill" Trevor as he was assessing the mechanical issue. *Id.* ¶ 26.

I granted Defendants Lone Star and Champions' motions to dismiss on the basis that the allegations failed to plausibly allege proximate cause, and Ace Tire now moves for judgment on the pleadings on the same theory. *See* MTD Order; MJP.

## II. LEGAL STANDARD

"Judgment on the pleadings is appropriate when no issues of material fact are raised in the pleadings and the movant is entitled to judgment as a matter of law." *Jones v. NordicTrack, Inc.*, 236 F.3d 658, 660 (11th Cir. 2000) (per curiam). "A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss under Rule 12(b)(6)." *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2018). Thus, to survive a motion for judgment on the pleadings, the complaint must contain enough facts to state a claim for relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing a motion for judgment on the pleadings, a court must accept the facts in the complaint as true and view them in the light most favorable to the nonmoving party. *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014).

3

## III. ANALYSIS

The defendants argue that the Estate fails to allege proximate cause because the reckless driving of a third party led to the death of Trevor Baker, not the alleged product defect. *See* MJP at 8–14. I agree.

To plead negligence, the Estate must allege: (1) a duty recognized by law; (2) breach of the duty; (3) proximate causation; and (4) damages. *Clay Elec. Coop., Inc. v. Johnson*, 873 So. 2d 1182, 1185 (Fla. 2003). "Under Florida law, a strict product liability action [based upon design defect] requires the plaintiff to prove that (1) a product (2) produced by a manufacturer (3) was defective or created an unreasonably dangerous condition (4) that proximately caused (5) injury." *McCorvey v. Baxter Healthcare Corp.*, 298 F.3d 1253, 1257 (11th Cir. 2002). A failure to warn theory requires that the plaintiff show the failure to warn proximately caused the injury. *See R.J. Reynolds Tobacco Co. v. Nelson*, 353 So. 3d 87, 89–90 (Fla. 1st DCA 2022). As a result, all three claims require the Estate to prove proximate causation.

Florida law applies the same proximate cause standard under a traditional and products liability theory of negligence. *See id.* "Establishing proximate cause requires a factual showing that the dangerous activity foreseeably caused the specific harm

4

suffered by those claiming injury." *Dorsey v. Reider*, 139 So. 3d 860, 864 (Fla. 2014). It "is concerned with whether and to what extent the defendant's conduct foreseeably and substantially caused the specific injury that actually occurred." *McCain v. Fla. Power Corp.*, 593 So. 2d 500, 502 (Fla. 1992). Merely "furnishing the occasion for a person to be injured by the supervening negligence of a third party" will not suffice. *Ruiz v. Tenet Hialeah Healthsystem, Inc.*, 260 So. 3d 977, 982 (Fla. 2018). It follows that an intervening cause—one that is "independent of and not set in motion by the initial wrong," *id.* (quoting *Sardell v. Malanio*, 202 So. 2d 746, 747 (Fla. 1967))—severs potential liability by an alleged tortfeasor. For that to occur, the original negligence and the intervening cause must be unrelated, meaning "the original negligence does not directly contribute to the force or effectiveness of the intervening cause." *St. Fort ex rel. St. Fort v. Post, Buckley, Schuh & Jernigan*, 902 So. 2d 244, 249 (Fla. 4th DCA 2005).

An unrelated incident proximately caused Trevor's death and therefore the Estate's third amended complaint fails to allege proximate cause. The "entanglement of vehicles" that struck and killed Trevor, which collided wholly aside from the semi-trucks pulled off of I-75, is an intervening cause that severs the defendants' potential liability. MTD Order at 5–6 (quoting Third Am. Compl. ¶ 26)). This event was

completely unrelated to the alleged product defect. In other words, it was "independent of and not set in motion by the initial wrong." *Ruiz*, 260 So. 3d at 982 (quoting *Sardell*, 202 So. 2d at 747). Therefore, the proximate cause of Trevor's death was not the defendants' product defects, and the Estate's negligence claims fail as a matter of law.

The Estate responds that the third amended complaint sufficiently alleges proximate cause because the product defect was a substantial factor leading to Trevor's death and the defect gave rise to a foreseeable danger. Resp. at 5–7. Both arguments fail. Regarding the Estate's argument that the product defect put Trevor in danger, that is not enough to establish proximate cause. As explained in the order granting the motions to dismiss, it is not enough that the mechanical issue " 'furnish[ed] the occasion for [Baker] to be injured by the supervening negligence of a third party'—it must have 'directly contribute[d] to the force or effectiveness of the intervening cause.' " MTD Order at 7 (alterations in the original) (quoting *Ruiz*, 260 So. 3d at 982; *St. Fort ex rel. St. Fort*, 902 So. 2d at 249). While the product defect could have foreseeably caused a truck driver to pull off a busy highway, it was not foreseeable that Kyle Keenan would act in a "reckless manner" and cause a deadly car accident with other vehicles at the very moment that Trevor was standing on the

side of the highway. *Dep't of Transp. v. Anglin*, 502 So. 2d 896, 899–900 (Fla. 1987). The foreseeability of the *accident* is the legally material question—not the foreseeability of Trevor's actions in response to the mechanical issue.

## IV. CONCLUSION

Because "no issues of material fact are raised in the pleadings and the movant is entitled to judgment as a matter of law," judgment on the pleadings is appropriate. *Jones*, 236 F.3d at 660.

Accordingly, the Motion for Judgment on the Pleadings (Doc. 90) is **GRANTED.** The clerk is directed to **ENTER JUDGMENT** in favor of the defendants and against the Estate, which shall read "This case is dismissed with prejudice," and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on June 5, 2025.

*/s/ Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge